IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-01403-RBJ

PROVINCETOWN LANDING II ASSOCIATION, LLC,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation,

    Defendant.

---

ORDER ON PENDING MOTIONS

---

Provincetown Landing II Association, LLC is a condominium complex in Littleton, Colorado that was damaged in a May 2014 hailstorm. Provincetown submitted its claim for damages to its property insurer, American Family Mutual Insurance Company, which conducted a prompt initial adjustment resulting in a Replacement Cost Value ("RCV") estimate of $2,099,844.21. In contrast, Provincetown's public adjuster provided an estimate of $3,809,601.63. Shortly thereafter, American hired a new adjuster who estimated the damages at $3,806,832.58, and American accordingly paid the additional $1.7 million. Despite this payment, the parties began an appraisal of the damage; the appraisal panel awarded Provincetown an Actual Cash Value ("ACV") of $3,264,803.66 and an RCV of $4,668,457.86. American has paid the ACV and continues to pay depreciation as it receives proof of repairs.

Provincetown filed suit against American alleging four claims.[1] Both parties seek summary judgment on the unreasonable delay and denial claim. American also seeks summary judgment on the common law bad faith claim and moves to add a counterclaim.

### A. **Motions for Partial Summary Judgment [ECF Nos. 26, 27].**

The parties dispute whether American's initial adjustment unreasonably delayed or denied benefits according to Colorado statutes. *See* C.R.S. §§ 10-3-1115, 10-3-1116. Reasonableness in this context is determined objectively based on proof of industry standards. *Baker v. Allied Prop. and Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1107 (D. Colo. 2013) (citation omitted). Reasonableness "is ordinarily a question of fact for the jury," unless there are no genuine issues of material fact. *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). American also seeks summary judgment on the common law bad faith claim, which requires proof of the insurer's knowledge or reckless disregard as to the validity of the insured's claim. *Baker*, 939 F. Supp. 2d at 1107. Participation in the appraisal process does not preclude a bad faith claim against an insurer. *See Hometown Cmty. Assoc. v. Philadelphia Indemnity Ins. Co.*, No. 17-CV-777-RBJ, 2017 WL 6335656, at *6 (D. Colo. Dec. 12, 2017).

The role of the Court at this time is not to assess the merits or predict how a jury might rule but only to determine whether there is a genuine issue of material fact that should be resolved by the jury. Applying that standard, I conclude that summary judgment is inappropriate on the unreasonable denial and delay claim. Provincetown has established a genuine issue as to the reasonableness of American's initial adjustment by providing evidence suggesting that American might have ignored facets of the damage that were included in later estimates. *See, e.g.*, ECF No. 34-3 (listing the differences in scope between American's initial adjustment and

---

[1] These claims are (1) breach of contract; (2) unreasonable delay and denial pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116; (3) bad faith breach of insurance contract; and (4) breach of the covenant of good faith and fair dealing. ECF No. 2 at 5–8.

the items included in its March 2015 payment). American counters that the discrepancy between its initial adjustment and later payment was not due to differences in the scope of damage but instead to a difference in methodologies in computing the damages. ECF No. 35 at 2. Despite American's explanation, I nevertheless must conclude that there is a genuine question as to whether American's initial handling of Provincetown's claim was reasonable. As a result, both parties' motions for partial summary judgment on the statutory claim are DENIED.

Additionally, I am satisfied that Provincetown has provided evidence to preclude summary judgment on the common law bad faith claim. If its evidence were accepted as true, a reasonable jury might find that American was recklessly indifferent to the nature or amount of damages in conducting its initial adjustment. *See* ECF No. 24 at 11. A reasonable jury could certainly find the opposite. Therefore, American's motion for summary judgment on the bad faith claim is DENIED.

### B. Motion for Permission to File Counterclaim [ECF No. 37].

American argues that the appraisal award wrongly included the cost to replace all the siding and the sheathing and insulation beneath it merely to achieve "uniformity of appearance"—which is not covered by the insurance policy—rather than to repair damage. American thus seeks to add a counterclaim for a declaratory judgment that the award included costs beyond the scope of policy coverage, and remission of the amount attributed to those uncovered expenses.

To file a counterclaim after the deadline to amend pleadings, a party must have good cause for seeking modification of the scheduling deadline. *See Home Design Services, Inc. v. Starwood Const., Inc.*, No. 09-CV-02503, 2011 WL 486193. at *1 (D. Colo. Feb. 7, 2011). Good cause may be found where discovery reveals "information necessary to the assertion of a

3

claim after the deadline to amend." *Id.* at *2 (citation omitted).  Leave to amend "shall be freely given when justice so requires," and should be denied only when the opposing party shows undue delay, prejudice, bad faith, or futility of amendment.  *Id.*

At the November 18, 2016 Scheduling Conference American's counsel noted the potential coverage issue, pointing out that the appraiser selected by the defendant informed the Umpire, retired Judge Leopold, that he understood that much of the siding was undamaged but was included in plaintiff's estimates for aesthetic reasons.  ECF No. 38-1 at 8.  Counsel acknowledged that he did not yet know the actual basis for the award, which his appraiser did not sign.  *Id.* at 9.

In the motion for permission to amend to file a counterclaim the defendant informs the Court that depositions were taken of the appraisers.  ECF No. 37 at 2.  However, those depositions did not establish that the appraisal's award of costs to replace all siding was based on aesthetic considerations.  The depositions of the appraisers selected by the respective parties might be interpreted as conflicting on that subject.  *See* ECF No. 39 at 3-4.  Although American's appraiser's deposition did not address whether the appraisal considered aesthetics, his report to the umpire refers to Provincetown's appraiser's conclusion that all siding should be replaced for aesthetic reasons.  *See id.* at 4.  In contrast, Provincetown's appraiser stated in his deposition that the appraisers did not appraise matching, which for this purpose I take as disagreeing with the defendant's appraiser.  *See* ECF No. 38-4 at 12.  American's argument, therefore, hinges on the umpire's rationale for the award.  Judge Leopold did testify that he would not be surprised if matching had been considered, but he was "unable to provide a definitive explanation for the basis for his decision" since his files were destroyed and he had no independent recollection of his reasoning.  ECF No. 39 at 5.  Thus, despite completing discovery

4

on the basis for the appraisal award, American's position ultimately amounts to unfounded speculation that uniformity of appearance might have been considered.

American attempts to avoid the problem by contending that Provincetown bears the burden of proof "to establish that its claimed damages fall within the policy's initial grant of coverage."  I disagree and conclude that American bears the burden of proof on its counterclaim. Because it has failed to demonstrate that there are facts supporting its claim beyond speculation, allowing American to raise its counterclaim would be futile.  As a result, American's motion to file a counterclaim is DENIED.

## ORDER

For the reasons stated herein, both parties' motions for summary judgment are DENIED, and American's motion to file its counterclaim is DENIED.

DATED this 23rd day of January, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge